■ In the Matter of the Claim of JOHN SLIWINSKI, Respondent, against SACRED HEART R. C. CHURCH et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal from an order and decision of the Workmen's Compensation Board which affirmed an award of compensation to the claimant as made by a referee. The board found that on May 17, 1949, claimant suffered accidental injuries while tarring the roof of a rectory. Specifically it found that claimant blistered and burned the sole of his left foot and his right knee. Gangrene developed from the injuries to his left foot and later required the amputation of his left leg at the midcalf. As a result thereof claimant sustained a permanent loss of a 95% use of his left leg. No question of coverage is now raised and the only issues on appeal are whether there was substantial evidence to support the finding of an accidental injury arising out of and in the course of claimant's employment, and whether there was sufficient evidence to sustain a finding of causal relation. Claimant is a Catholic priest and on the day in question he was attempting to tar the roof of the rectory building in his parish. The tar he used was cold tar but the day was warm. He spread the tar with his hands from a kneeling position for a time but after he suffered a blister on his right knee he continued his work in a squatting position. After performing the work in this position for a time he felt discomfort in his left foot and found blood in the sock covering that foot. Subsequently he consulted a physician who testified that he found claimant's right knee severely blistered and a third degree burn on his left foot. It was also found that claimant had a high degree of sugar in his urine and was suffering from diabetes. After treatment the lesions on claimant's left foot apparently healed but later in the year they broke out again and gangrene developed. A couple of claimant's toes were amputated at first and when this did not stop the spread of the gangrenous condition the left leg below the knee was amputated. It is appellants' contention that the record as a whole indicates claimant's difficulties to be the result of a pathological condition not related to any accidental injury. We cannot say that such a conclusion must be reached as a matter of law. It does seem incredible that claimant could have sustained a third degree burn to his left foot under the conditions described, although there is medical testimony to support such a diagnosis. It was perfectly plausible, however, for the board to find that the claimant severely blistered the sole of his left foot, and the board not only found the burn but also the blister. The accidental nature of a blister acquired under such conditions is plain; and the fact that it might not have happened to a person who was not suffering from diabetes makes no difference. There is also medical testimony to the effect that although the lesion or blister on the left foot apparently healed the foot never completely returned to its normal condition, and the physicians who testified for the claimant were of the opinion that the gangrene which subsequently developed was related in part at least to the initial injury. Whether this conclusion is valid or not may be the subject of medical dispute, but so far as a reviewing court is concerned it must be said that there is substantial evidence to sustain it. There were some discrepancies in the records concerning which leg was injured but they were not of such a nature as to invalidate the findings of the board. Order and decision affirming the award of the referee unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.